UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JHONATAN ARGENIS OSORIO MIRANDA,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2406

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond. (Pet., ECF No. 1.) In an Order entered on August 31, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the July 2, 2026, bond hearing on September 3, 2026. (Resp., ECF No. 5; Recording of Jul 2, 2026, Bond Hearing, filed on Sep. 3, 2026.)

## II. Relevant Factual Background

Petitioner entered the United States in 2023 without inspection. Op., *Osorio-Miranda v. Raycraft* (*Osorio-Miranda I*), No. 1:26-cv-458 (W.D. Mich. Feb. 25, 2026) (ECF No. 6). On December 11, 2025, ICE agents arrested Petitioner. *Id.*

On February 10, 2026, Petitioner filed his first § 2241 petition challenging his initial detention without a bond hearing in *Osorio-Miranda I*. In *Osorio-Miranda I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Osorio-Miranda I*, (W.D. Mich. Feb. 25, 2026), (ECF Nos. 6, 7.).

On March 3, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Op., *Osorio-Miranda v. Raycraft* (*Osorio-Miranda II*), No. 1:26-cv-1801 (W.D. Mich. Jun. 29, 2026) (ECF No. 9). Thereafter, Petitioner filed his second § 2241 petition challenging that bond hearing in *Osorio-Miranda II*. In *Osorio-Miranda II*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a new individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. Op. & J., *Osorio-Miranda II*, (W.D. Mich. Jun. 29, 2026) (ECF Nos. 9, 10.)

On July 2, 2026, Petitioner received a second bond hearing pursuant to the Court's judgment in *Osorio-Miranda II*. Jul 2, 2026, Immigration Judge Order, *Osorio-Miranda II*, (W.D. Mich. Jul 7, 2026) (ECF No. 11-1). At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond in a written order, stating: "The government has met its burden to demonstrate flight risk by clear and convincing evidence." *Id.*

On July 9, 2026, Petitioner sought a third custody redetermination hearing. (Motion for Bond Redetermination, ECF No. 1-3, PageID.24–28.) The Immigration Court denied Petitioner's request on July 16, 2026, finding that Petitioner had not presented evidence of a material change in circumstances since the last bond hearing. (Jul. 16, 2026, Immigration Judge Order, ECF No. 1-2, PageID.18.)

**III. Discussion**

In this case, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on July 2, 2026. The Detroit Immigration Court denied Petitioner's request for a bond, concluding that "[t]he government has met its burden to demonstrate flight risk by clear and convincing evidence." Jul 2, 2026, Immigration Judge Order, *Osorio-Miranda II*, (W.D. Mich. Jul 7, 2026) (ECF No. 11-1). Based on the record before the Court at this time, including the recording of the July 2, 2026, § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at that bond hearing.

Petitioner challenges the Immigration Judge's July 16, 2026, order and argues that he is not a danger to the community or a genuine flight risk. (Pet., ECF No. 1, PageID.2.) He also argues that his prolonged detention violates the Due Process Clause. (*Id.*) Respondent argues, *inter alia*, that the Court should dismiss Petitioner's petition because Petitioner has not exhausted his administrative remedies.

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). If the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA.'" *Leonardo*, 646 F.3d

at 1160 (citation omitted). There are exceptions to this general rule. For example, the United States Court of Appeals for the Sixth Circuit has noted that due process challenges that are not premised on "correctable procedural errors" generally do not require exhaustion because the BIA cannot review constitutional challenges. *See Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA"). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160.

In this case, although Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not argue that the procedures of the July 2, 2026, and July 16, 2026, bond hearings themselves violated the Due Process Clause of the Fifth Amendment. Further, although Petitioner claims that his detention has become unreasonably prolonged, Petitioner also indicates that his appeal to the BIA remains pending. Petitioner has not exhausted his administrative remedies, and Petitioner has not demonstrated grounds for excusing the exhaustion requirement in this case. Under these circumstances, the issues raised in the present § 2241 petition are issues that must first be raised to the BIA.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 9, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge